# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JAMES M. CARTER § | |
| § | |
| v. § | A-16-CV-1260-AWA |
| § | |
| G. CARTER CONSTRUCTION CO., INC. § | |
| et al. § | |

## ORDER

Before the Court are Defendants' Motion for Partial Summary Judgment (Dkt. No. 24) and Plaintiff's Response (Dkt. No. 26).

## I. GENERAL BACKGROUND

Plaintiff James Carter brings this suit against G. Carter Construction Company, Inc. and its owners Allison Ann Terry and Pete Smith (collectively GCC), alleging retaliation under Chapter 451 of the Texas Labor Code and violations of the overtime provisions of the Fair Labor Standards Act (FLSA).

Carter began working for GCC in April 2015, when he was hired to work as a driver, equipment operator, and traffic light installer for the construction company. As part of this job, Carter was required to transport equipment and materials to work sites, operate the equipment, and dig underground to install pipes and wiring through intersections. On February 10, 2016, Carter was working at an intersection with three other employees to install wiring. He was allegedly informed that the wire that he would be cutting was "dead," i.e. that there was no electric current running through the wire. However, Carter alleges that he was seriously electrocuted when he cut the wire. Though Carter worked the entire shift, he later contacted the owners to advise them about the accident. Terry informed Carter that he should go to the hospital as a precaution, though he initially

refused. He did not immediately return to work following the completion of that shift, and a week later, Carter informed Smith that he could only work on a light-duty basis. Smith told Carter he could not return to work until he had been released to full-duty. Two months later, Carter informed Terry he had been released to full-duty, but Terry stated that the return had to be approved by GCC's workers' compensation insurer. Ultimately, Carter was terminated on May 5, 2016. Additionally, Carter alleges that for the time that he worked at GCC, he was required to work overtime hours 33 out of the 37 weeks, and that he was not paid for this work, in violation of the FLSA.

GCC brings this Motion for Summary Judgment claiming that Carter cannot provide any evidence to support his claim under the FLSA. The motion does not challenge Carter's workers' compensation claim. Carter responds that he has presented sufficient evidence to preclude summary judgment on his FLSA claim.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a

2

motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. ANALYSIS

GCC maintains that Carter's FLSA claim fails because he does not have evidence (1) that the FLSA applies to Carter's claim, or (2) that Carter worked any overtime hours for which he was not paid. Carter responds with evidence he asserts creates a genuine issue of material fact on these issues. GCC did not file a reply.

**A.      Covered Entity**

First, GCC argues that Carter's claim under the FLSA fails because he cannot establish that the threshold conditions for coverage under the FLSA are met. The FLSA "guarantees overtime pay

to employees engaged in the production of goods for commerce ("individual coverage") *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotations omitted). GCC argues that Carter cannot show either individual or enterprise coverage.

To establish enterprise coverage, an employee must prove both that the company engaged in commerce or the production of goods for commerce, and that its gross revenues exceed $500,000 in a given year. 29 U.S.C. § 203(s)(1). GCC does not challenge the first element, but rather argues that Carter has not proven that GCC's revenues exceed the minimum amount required by statute. However, Carter submits Terry's deposition, in which she testifies that GCC has consistently had gross revenues over $1 million a year since she and Smith took over the company in 2012. Dkt. No. 26-1 at 7-8. As GCC failed to file a reply, it has provided no rebuttal evidence. This is sufficient to preclude summary judgment on this point. Because Carter has sufficiently alleged enterprise coverage, the Court need not address whether his claim might also qualify under individual coverage.

**B.      Evidence of Overtime Hours**

Similarly, Carter has provided sufficient prima facie evidence that he worked overtime hours for which he was not compensated. Here, GCC argued that Carter could not present any evidence that he ever worked any hours for which he was not properly compensated. In response, Carter offered an affidavit which stated that: (1) he was told at the outset that he would be expected to work overtime and weekends, but would be paid a set salary, (2) there was never a time clock that produced reports of the hours worked, and (3) out of the thirty-seven weeks for which he worked at GCC he worked overtime all but four of those weeks. Dkt. No. 26-2. Carter additionally provided the average time he arrived at work and left each day on the weeks in which he would work overtime

to support his assertion. *Id.* The plaintiff "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). GCC filed nothing to challenge Carter's affidavit. Moreover, Carter claims that there are no time sheets that can be provided to rebut this assertion—something GCC also does not refute. Given the summary judgment evidence, there is clearly a fact question as to whether Carter worked uncompensated overtime hours while employed by GCC. This precludes summary judgment on the FLSA claim.

## IV. ORDER

For the reasons stated above, GCC's Partial Motion for Summary Judgment (Dkt. No. 24) is **DENIED**.

SIGNED this 28th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE